UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

TERQUISE BARNES,

     Plaintiff,

v.

KENTUCKY STATE POLICE, et al.,

     Defendants.

Civil Action No. 5: 23-323-KKC

**MEMORANDUM OPINION
AND ORDER**

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Plaintiff Terquise Barnes is an inmate confined at the Little Sandy Correctional Complex in Sandy Hook, Kentucky. Barnes has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. [R. 1] The Court has granted his motion to proceed *in forma pauperis* by separate Order.

The Court must review the complaint prior to service of process, and dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). At this stage, the Court accepts all non-conclusory factual allegations in the complaint as true and liberally construes its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

Barnes alleges that in the evening of January 2021 he was arrested by unidentified officers of the Kentucky State Police ("KSP") in Lexington, Kentucky. He indicates that he was then driven in the officer's cruiser to a different location. Several hours later he was eventually charged with possession of a firearm. While Barnes states that he was handcuffed and sitting in the cruiser during this period, he nonetheless claims that he was not under

arrest, and that his detention therefore amounted to false arrest and imprisonment. Barnes also alleges that while he was out on bond, KSP detective Calvin Mattox committed some form of unspecified fraud during the investigation causing new federal charges to be filed against him. He also states that Commonwealth's Attorney Tyler Scott, defense counsel Shannon Brook-English, and Fayette County Circuit Court Judge Kimberly Bunnell somehow "knowingly interfered with my civil rights, knowing I didn't know my rights have been harmed." Barnes sues KSP detective Mattox, KSP itself, prosecutor Scott, defense counsel Brook-English, and Judge Bunnell. Barnes seeks immediate release from custody as well as monetary compensation. [R. 1 at 1-6, 11]

This case represents Barnes's third effort to sue the officials involved in his state prosecution. Although his earlier cases were dismissed primarily on pleading insufficiencies, the Court has previously explained more fundamental difficulties with his claims. *See Barnes v. Kentucky State Police Official Office*, No. 5: 23-CV-157-GFVT (E.D. Ky. 2023); *Barnes v. Kentucky State Police Official Office*, No. 5: 23-CV-180-KKC (E.D. Ky. 2023).

Barnes's claims must be dismissed for numerous reasons. First, Barnes was convicted of the state and federal charges about which he now appears to complain. *See Commonwealth v. Barnes*, No. 21-CR-00136-001 (Fayette Cir. Ct. 2021)[1]; *United States v. Barnes*, No. 5: 21-CR-87-KKC-MAS-1 (E.D. Ky. 2023).[2] Barnes's request for money damages cannot be entertained because "[w]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless

---

[1] *See* https://kcoj.kycourts.net/CourtNet/Search/CaseAtAGlance?county=034&court=1&division=CI&caseNumber=21-CR-00136-001&caseTypeCode=CR&client_id=0 (accessed Nov. 27, 2023).

[2] *See* https://ecf.kyed.uscourts.gov/cgi-bin/DktRpt.pl?84560860373556-L_1_0-1 (accessed Nov. 27, 2023).

the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). Barnes's allegations plainly confront the validity of his convictions, and are therefore premature unless and until those convictions are vacated. And the Court cannot grant Barnes's request for release from prison, a remedy that he must seek through a petition for a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973). For these reasons, the Court must dismiss his complaint without prejudice.

When and if Barnes clears that hurdle, his claims will face dismissal – *with* prejudice – for other reasons. KSP is a state agency, and suit against it in this Court is barred by the Eleventh Amendment. *Cf. Jones v. Kentucky State Police*, No. 1:19CV-P26-GNS, 2019 WL 2565635, at *2 (W.D. Ky. June 19, 2019) (collecting cases). Barnes's public defender Brook-English did not act "under color of law" as required for liability under Section 1983 to attach. *Polk County v. Dodson,* 454 U.S. 312, 319-23 (1982). And Judge Bunnell and prosecutor Scott would be entitled to judicial immunity and quasi-judicial immunity for their actions taken in their respective roles during the prosecution. *Marshall v. Bowles*, 92 F. App'x 283, 285 (6th Cir. 2004); *Stump v. Sparkman*, 435 U.S. 349, 355 (1978) ("a judicial officer, in exercising the authority vested in him, should be free to act upon his own convictions, without apprehension of personal consequences to himself."); *Kalina v. Fletcher*, 522 U.S. 118, 123 (1997) ("a former prisoner whose conviction has been set aside in collateral proceedings cannot maintain a § 1983 action against the prosecutor who had litigated the charges against him.") (cleaned up). However, such claims cannot accrue until Barnes obtains the invalidation of his convictions; the Court therefore dismisses his claims without prejudice at this juncture.

Accordingly, it is **ORDERED** as follows:

1.      Plaintiff Terquise Barnes's complaint [R. 1] is **DISMISSED** without prejudice.

2.      This matter is **STRICKEN** from the docket.

3

Entered:  November 29, 2023.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY